865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
SANDERS HENDERSON a/k/a Boz, Defendant-Appellant.
 No. 88-3292.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1989.
 
 BEFORE: MARTIN, JONES, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sanders Henderson appeals his conviction by a jury for conspiring to possess and distribute cocaine. We affirm the conviction.
 
 
 2
 From February 1987 through October 1987, the Federal Bureau of Investigation conducted an investigation of Henderson, Arthur Franklin, Anthony Rogers, Dwight Cogburn and Deborah Pruitt through surveillance of the five individuals and by wire-tapping the telephones of Franklin and Cogburn. On October 16, 1987, the FBI searched six locations, including Henderson's residence and place of business. The searches resulted in the seizure of cocaine from the residence of Rogers, the seizure of small quantities of cocaine and marijuana from Henderson, and the seizure of records indicating narcotics transactions. On that same day, Henderson, Cogburn, Franklin, Rogers and Pruitt were arrested, and, in November 1987, the five were indicted in a twenty-one count indictment. Henderson was named in three counts. Defendants Franklin, Rogers, Pruitt and Cogburn pled guilty to various counts of the indictment. In February 1988, a three count superseding indictment was filed charging only Henderson. Count I of the indictment charged Henderson with participating in a conspiracy to distribute cocaine and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Counts II and III charged Henderson with the intentional use of a communications facility (a telephone) to facilitate acts constituting a felony under 21 U.S.C. Secs. 841(a)(1) and 846, in violation of 21 U.S.C. Sec. 843(b).
 
 
 3
 A jury trial began in February 1988. At trial, co-conspirator Cogburn testified as to his involvement and the involvement of others in the alleged conspiracy to distribute cocaine and as to the nature of the intercepted telephone conversations, in which code words and drug lingo were used. The government also presented, as corroborating evidence, the testimony of FBI agents concerning their observations from surveillance, surveillance logs and photographs and the seized cocaine and records. The jury was charged and deliberated for two days. At that time, the jury asked the court whether it was possible to reach a consenses on the second and third counts and not a consensus on the first count. After deliberating for approximately thirty more minutes, the jury repeated their question. The trial judge then instructed the jury with a modified Allen charge, pursuant to Allen v. U.S., 164 U.S. 492 (1896). Henderson made no objections to the Allen charge at trial. After further deliberation, the jury returned a verdict of guilty to all three counts of the superseding indictment.
 
 
 4
 On appeal, Henderson makes two arguments. First, Henderson contends that the trial court erred by instructing the jury with a non-approved, modified Allen instruction after the jury indicated agreement on two of the three counts of the indictment. We disagree with this contention. Henderson fails to raise any specific complaints to support his claim that the Allen charge was improper, and we moreover find that the Allen instruction was not unduly coercive. See U.S. v. Scott, 547 F.2d 334 (6th Cir.1977); Williams v. Parke, 741 F.2d 847 (6th Cir.1984); U.S. v. LaRiche, 549 F.2d 1088 (6th Cir.1977). In any event, Henderson apparently neglected to object to the Allen charge at trial, and, because the charge does not constitute plain error, any objection to the Allen instruction on appeal must therefore fail.
 
 
 5
 Henderson additionally argues that the trial court erred in admitting at trial the opinion evidence of Cogburn (a co-conspirator) as to the nature and meaning of recorded conversations between other co-conspirators, when Cogburn was not a party to many of the conversations introduced into evidence. We agree with Henderson that the admission of the opinion testimony of Cogburn, a lay witness who lacked direct personal knowledge of the conversations, was improper. See U.S. v. Calhoun, 544 F.2d 291 (6th Cir.1976); U.S. v. Carlock, 806 F.2d 535 (5th Cir.1986); and U.S. v. Cox, 633 F.2d 871 (9th Cir.1980), in which the opinion testimony of a lay witness as to her impression of the meaning of statements made to her by another person was found improper. We decline, however, to reverse the conviction of Henderson on this basis because the admission of Cogburn's opinion testimony was harmless error. The government presented other evidence to establish Henderson's guilt, including the seized cocaine and records and the testimony of FBI agents concerning their observations from surveillance, surveillance logs and photographs. Furthermore, Cogburn himself testified (without reference to the recorded telephone conversations) as to his direct involvement and to the involvement of others, including Henderson, in the distribution of cocaine. In light of the considerable evidence presented by the government, the admission of Cogburn's opinion testimony as to the meaning of the recorded telephone conversations constituted harmless error.
 
 
 6
 The judgment of the district court is affirmed.